# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

BRIAN J. PENNINGTON, ET AL        C.A. NO.: 3:18-CV-588-JWD-EWD

VERSUS

SELECTIVE INSURANCE COMPANY
OF THE SOUTHEAST

### ORDER AND REASONS

Before the Court is the Rule 12(b)(5) Motion to Dismiss by Selective Insurance Company of the Southeast ("Selective" or "Defendant"). (Doc. 9.) The motion is opposed by plaintiffs Brian J. Pennington and Jennifer D. Pennington ("Pennington" or "Plaintiffs"). (Doc. 11.) No reply was filed. For the following reasons, the motion is denied.

### BACKGROUND AND ARGUMENTS OF THE PARTIES

The suit arises from the August 14, 2016 flood which allegedly caused losses to Plaintiffs' property in Ascension Parish, La. The property was insured by Selective as a Write-Your-Own insurer under the National Flood Insurance Program. Selective seeks dismissal of the claim for failure of Plaintiffs to timely serve it within 90 days as required by Fed. R. Civ. P. 4(m). (Doc. 9 at 1.) Selective argues that "the record shows no apparent justification for [Plaintiffs'] failure to timely serve." (Doc. 9-1 at 2.) Significantly, Selective advises the Court that if the Court grants its motion and the suit is dismissed without prejudice, "any lawsuit re-filed by Plaintiffs may be time-barred, and it files the instant motion to dismiss in order to avoid waiving a timeliness defense." (Doc. 9-1 at 2, n. 10.)

Plaintiffs admit that the suit was not timely served but argue that service was made only one day late, on the 91st day. (Doc. 11 at 2.) They contend that Rule 4(m) gives the Court discretion to allow additional time for service and deny the motion even if the suit was not

served timely and should do so in this case because denial would "best serve the interests of judicial efficiency and economy." (*Id.* at 3.)

## STANDARD

"Under Rule 4(m) the Court must first determine whether 'good cause' exists to extend the time for service." *Teveras v. Clark*, No. 17-12747, 2018 WL 3428600 at *2 (E.D. La. July 16, 2018) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996.) The burden of showing good cause rests with the party responsible for serving process. *Id.,* citing *Sys. Signs Supplies v. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Here, Plaintiffs do not argue that there was good cause for their failure to comply with Rule 4(m) nor do they attempt to explain why they were late in serving the complaint. Therefore, they have failed to show good cause. But that does not end the inquiry. As the Fifth Circuit said in *Thompson*, "We agree with the majority of circuits that have found that the plain language of Rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." 91 F.3d at 21 (citations omitted).

As stated above, Selective has declared its intention to raise a timeliness defense if it succeeds in the present motion and Plaintiffs then refile the suit.

> [I]f a dismissal under the discretionary provisions of Rule 4(m) will likely bar future litigation, the dismissal should instead "be reviewed under the same heightened standard used to review a dismissal with prejudice." *Millan [v USAA General Indemnity Co.]*, 546 F.3d [321]at 325-26 (citing *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)). Under this heightened standard, dismissal "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* at 326 (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)). When the Fifth Circuit has affirmed dismissals with prejudice, "it has generally found at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id. (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).
>
> *Teveras v. Clark*, 2018 WL 3428600 at *2

## DISCUSSION

Here, the Court finds no clear record of contumacious conduct. Only one of the three aggravating factors is arguably present. There is no suggestion that the delay was caused by Plaintiffs and not their attorney. Second, Selective has not demonstrated, nor have they argued, that it was prejudiced by this one-day delay in service. As to the third factor, Selective notes that Plaintiffs' complaint specifically stated "PLEASE HOLD SERVICE" on Selective. (Doc. 9-1 at 2, citing Doc. 1 at 3.) However, this instruction by Plaintiffs' counsel resulted in, at most, a delay of one day beyond the deadline and no actual prejudice to Selective. Under these circumstances, the Court finds that Selective's motion should be denied.

## CONCLUSION

For the foregoing reasons, the Rule 12(b)(5) Motion to Dismiss by Selective Insurance Company of the Southeast (Doc. 9), is hereby DENIED.

Signed in Baton Rouge, Louisiana, on November 14, 2018.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**